CRAIG P. FAGAN, State Bar No. 149556
**LAW OFFICES OF CRAIG P. FAGAN**
4512 4th Street
La Mesa, CA 91941
Telephone: (619) 528-9600
Facsimile:  (619) 303-4814
email: cpfagan@faganlegal.com

Attorneys for all Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MAYRA CERVANTES, an Individual; JOSE CERVANTES, an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>JD PROPERTY MANAGEMENT, INC., a Business Form Unknown; MUTAT ENTERPRISES, A California Limited Partnership; and DOES 1 through 10, Inclusive,<br><br>    Defendants | No.<br><br>**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |

Plaintiffs Mayra Cervantes and Jose Cervantes submit the following Complaint.

# I.

# **INTRODUCTION**

1.      This action seeks monetary, declaratory, and injunctive relief against Defendants for discriminating against Plaintiffs on the base of familial status in the operation of the property located at 1115 Highland Street, Santa Ana, CA 92703 (hereinafter "the Subject Property" or "the complex") for coercing, intimidating, threatening, or interfering with Plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq*.

# II.

# **JURISDICTION AND VENUE**

2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in that the claims alleged herein arose within the City of Santa Ana, Orange County, California.

# III.
# PARTIES

4. Plaintiffs Mayra Cervantes and Jose Cervantes, husband and wife, live with their three minor children at the Subject Property, and have done so at all times since each child was born.

5. Defendant Mutat Enterprises, A California Limited Partnership, is the owner of the Subject Property, and has been at all times relevant herein, and lists as its principal place of business as being in Costa Mesa, Orange County, California.

5. Defendant JD Property Management, Inc., is a Business From Unknown, has managed the Subject Property at all times herein, and has been hired in such capacity by Defendant Mutat Enterprises, A California Limited Partnership  Defendant JD Property Management, Inc. lists its principal place of business as being Costa Mesa, Orange County, California.

6. Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this compliant, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

# IV.
# FACTS

7. All Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against plaintiffs because of familial status, in the operation of the Subject Property. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

8. In 2012, Plaintiff Mayra Cervantes (whose maiden name at the time was Mayra Segoviano) signed a lease and moved into the property located at 1115 Highland Street, #18, Santa Ana, CA 92703.

The Subject Property is owned by Defendant Mutat Enterprises, A California Limited Partnership. The complex consists of eighteen units. At all times, herein, the complex has been managed by Defendant JD Property Management, Inc.

9. In 2015, Mayra married Plaintiff Jose Cervantes, who moved into the complex with Mayra at that time. At that time, Mrs. Cervantes and Mr. Cervantes entered into a lease with Defendant Mutat Enterprises, A California Limited Partnership to lease unit no. 18 at the Subject Property.

10. As of 2023, the Cervanteses have three minor children living with them, currently ages of 11, 9, and 7. Their children have lived with them at all times since 2015.

11. In 2019, Defendant JD Property Management, Inc. hired Jose Ramos to act as the resident manager at the complex.

12. At all times since Mr. Ramos became the resident manager at the Subject Property, he has prohibited children from playing outside in common areas. Shortly after Mr. Ramos took over as manager, he began confronting any family that allowed their children to play outside in common areas. If they did so, he would complain and ask the children to stop playing. On two occasions in 2019, Mrs. Cervantes was outside with her children supervising them as they played in the common areas. The kids would be playing tag or hide-and-seek in the middle of the day. On each occasion, Mr. Ramos asked her kids to stop playing and to go back inside. She complied. Mrs. Cervantes became intimidated by Mr. Ramos and became afraid to take her children outside.

13. Between 2019 and 2021, Mrs. Cervantes would still occasionally bring her kids outside to play in the common area, even though she was nervous when doing so. On each of these occasions, Mr. Ramos would speak to her and advise her that her children were not allowed to play outside. She would comply and bring her children back inside. On some occasions, the friends of Plaintiffs would come over to play outside with Plaintiffs' kids, but Mr. Ramos would repeatedly tell them that they were noisy, and that they could not play outside.

14. In or about March 2022, Mr. Ramos saw Mr. Cervantes in the common area with his children. Plaintiffs' children were playing outside in the grass with water balloons and small squirt guns. It was very hot on this day. Mr. Cervantes was outside with the kids, supervising them, Mr. Ramos

approached Mr. Cervantes and told him that children were not allowed to be outside, and especially not to be playing with water balloons.  He claimed that the kids could fall and get hurt.  Upon hearing this, Mr. Cervantes said,  "They are kids. They are allowed to be outside, to have fun." Mr. Ramos replied, "I understand that they are kids, but they have to follow the rules."  Mr. Cervantes obeyed and took the children back inside.

15. Mr. Cervantes became tired of how his children were being treated by Mr. Ramos, so he reached out to JD Property Management to complain.  He spoke to Dmitri Amor, Director of JD Property Management.   He said to Mr. Amor, "The manager said that my children cannot be outside. Mr. Amor confirmed that this was accurate, and said, "You're right.  They can't play outside. It's not meant for kids to be outside." Mr. Cervantes replied, "It's hot.  It's 100 degrees.  It is too hot to be inside." Mr. Amor replied, "I'm sorry, there's nothing we can do.  The rules are the rules."

16. On May 15, 2023, Mrs. Cervantes let the kids outside with their friends to play.  It was 4:30 p.m.  The kids were sitting in the grass, working on their laptops on school projects. When finished, they put the laptops away, then went came back down the stairs to play at the bottom. When they got to the bottom, Mr. Ramos immediately called Mr. Cervantes on the phone and said, "The kids are outside playing.  They cannot be outside playing, or running.  They can't be outside."   Mr. Ramos ordered Mr. Cervantes to bring his kids back inside, so he did so.

17. On May 22, 2023, the kids were sitting outside working on their laptops, working on another school project.  Three of the kids' 11-year-old friends were with them, as they sat in the grass. Upon seeing this, Mr. Ramos turned the sprinklers on and told the kids that they were not allowed to play outside.  Sadly, this was a common occurrence at the complex ever since Mr. Ramos became the manager. At all hours of the day, if he ever sees children playing on the grass, he turns the sprinklers on to shoo them away.  On this particular occasion,   Ms. Cervantes spoke to Mr. Ramos and said, "Can you please stop turning on the sprinklers because the kids want to sit outside and work on a school project together.  Mr. Ramos refused, informing Ms. Cervantes that kids were not allowed to play outside.  Ms. Cervantes became upset. Mr. Ramos next said, "You have to understand it's not me."  Ms. Cervantes asked Mr. Ramos to show her in writing where it said that kids could not play outside.  Mr. Ramos replied, "Read

the rental agreement." Ms. Cervantes replied, "There's nothing in the rental agreement that says that children cannot play outside. It only says that they can't have skateboards or bikes." Mr. Ramos replied, "No, it says no playing." At this moment, Ms. Cervantes informed Mr. Ramos that she had filed a complaint with the Orange Count Fair Housing Organization. She proceeded to inform Mr. Ramos that it was illegal to refuse to let children play outside. Mr. Ramos replied, "It's not me. It's the new regulations. Mr. Amor said that the apartment complex is not a park or a recreation area. There is no place for children to play." This statement was materially false, as there are several large grass and concrete areas where children can safely play.

18. On May 25, 2023, Mr. Cervantes spoke with Mr. Ramos, and expressed his displeasure with the fact that children could not play outside. Mr. Ramos was unsympathetic, advising Mr. Cervantes that children were not allowed to play outside at the Subject Property. He proceeded to inform Mr. Cervantes that he was simply following orders, that such a directive had come from the management company.

19. In June 2023, Myra sent several text messages to Mr. Ramos, asking for proof that the children could not play outside. Mr. Ramos informed her that Mr. Amor had sent him a message, making it very clear that children were not allowed to play outside.

## V.

## INJURIES

20. By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered loss of important housing opportunities, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, and emotional distress and physical injury, humiliation and mental anguish, physical distress, impairment of health, fear, stress, including bodily injury such as stomach aches; knots in stomach; head aches; high blood pressure; sleep loss; feelings of depression, discouragement, anger, nervousness; trouble sleeping; and reliving the experience; and other special and general damages according to proof. Accordingly, Plaintiffs are entitled to compensatory damages.

21. In doing the acts of which Plaintiffs complain, defendants and their agents and employees intentionally or recklessly violated Plaintiffs' civil rights. Accordingly, all plaintiffs are entitled to punitive damages.

22. There now exists an actual controversy between the parties regarding defendants' duties under federal and state fair housing laws. Accordingly, all plaintiffs are entitled to declaratory relief.

23. Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.

## VI.

## FIRST CLAIM

### (Fair Housing Act)

### Familial Status Discrimination

### As Against Defendants JD Property Management, Inc. and Mutat Enterprises, A California Limited Partnership

24. All Plaintiffs reallege and incorporate by reference all previous paragraphs listed in this complaint.

25. Defendants JD Property Management, Inc. and Mutat Enterprises, A California Limited Partnership have injured plaintiffs in violation of the federal Fair Housing Act by committing the following discriminatory housing practices:

    A. Refusing to rent after the making of a bona fide offer; refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of familial status, in violation of 42 U.S.C. §3604(a);

    B. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status in violation of 42 U.S.C. §3604(b);

    C. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status,

or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. §3604(c);

     D.    Coercing, intimidating, threatening, or interfering with persons in their exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.

## SECOND CLAIM
## Familial Status Discrimination
## (California Fair Employment and Housing Act)
## As Against Defendants JD Property Management, Inc. and Mutat Enterprises, A California Limited Partnership

26. All Plaintiffs reallege and incorporate by reference all previous paragraphs listed in this complaint.

27. Defendants JD Property Management, Inc. and Mutat Enterprises, A California Limited Partnership have injured plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

     A.    Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status in violation of California Government Code §§12955(a);

     B.    Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination in violation of California Government Code §12955(c);

     C.    Expressing a preference for or limitation on a renter because of familial status in violation of California Government Code §12955(d);

     D.    Harassing, evicting, or otherwise discriminating against any person in the rental of

housing accommodations where the dominant purpose is retaliation against a person who, among other things, has opposed practices unlawful under the Fair Employment and Housing Act, in violation of California Government Code §12955(f);

  E. Threatening, intimidating, or interfering with persons in their enjoyment of a dwelling because of familial status in violation of California Government Code §12955.7.

## THIRD CLAIM

### (Negligence)

**As Against Defendants JD Property Management, Inc. and Mutat Enterprises, A California Limited Partnership**

28. All Plaintiffs reallege and incorporate by reference all previous paragraphs listed in this complaint.

29. Defendants JD Property Management, Inc. and Mutat Enterprises, A California Limited Partnership owed plaintiffs a duty to operate the Subject Property in a manner that was free from unlawful familial status discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty. Defendants negligently violated that duty by discriminating against families with children on account of their familial status. Defendants' violation of that duty was the result of negligence, including, but not limited to:

  A. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

  B. Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

  C. Defendants' negligent failure to supervise their employees and themselves regarding compliance with the requirements of state and federal fair housing laws; and

  D. Defendants' negligent failure to follow standard, recognized rental practices of the community;

E. Defendants' negligent failure to exercise the ordinary and reasonable care and diligence required of a housing provider in the operation and management of the subject rental premises; and/or

F. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing rights laws.

30. As a legal result of defendants' negligent conduct, the plaintiffs have suffered loss of an important housing opportunity, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, invasion of the private right of occupancy, wrongful eviction, and bodily injury, including severe humiliation, physical and emotional distress.

## FOURTH CLAIM

**(Unfair Business Practices)**

**As Against Defendants JD Property Management, Inc. and Mutat Enterprises, A California Limited Partnership**

31. All Plaintiffs reallege and incorporate by reference all previous paragraphs listed in this complaint.

32. In acting as herein alleged, defendants JD Property Management, Inc. and Mutat Enterprises, A California Limited Partnership have engaged in a pattern or practice of unlawful discrimination based upon familial status in the operation of the Subject Property, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17200 *et seq*.

## VII.
## **PRAYER FOR RELIEF**

WHEREFORE, all plaintiffs Mayra Cervantes and Jose Cervantes pray for entry of judgment against all defendants JD Property Management, Inc., Mutat Enterprises, A California Limited Partnership, and Does 1 through 10 that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status;

4. Awards pre-judgment interest and post-judgment interest as provided for by law;

5. Awards costs of suit herein incurred, including reasonable attorneys' fees; and

6. Awards all such other and further relief as the Court may deem proper.

Dated: June 12, 2023                         LAW OFFICES OF CRAIG P. FAGAN


                                             By: **/s/Craig P. Fagan**
                                             Craig P. Fagan
                                             Attorneys for all Plaintiffs

# VIII.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated: June 12, 2023  LAW OFFICES OF CRAIG P. FAGAN

By: **/s/Craig P. Fagan**
Craig P. Fagan
Attorneys for all Plaintiffs